# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **BOX ALARM LEATHER, LLC** ) | ELECTRONICALLY FILED |
| ) | 5/17/2023 |
| Plaintiff, ) | U.S. DISTRICT COURT |
| ) | Northern District of WV |
| v. ) | Case No. 3:23-cv-129 Groh |
| ) | |
| **MICHAEL B. MANUEL,** ) | |
| d/b/a THE HIDEOUT, ) | |
| d/b/a ROYCE SHIEDS ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL OF
## STATE COURT ACTION TO UNITED STATES DISTRICT COURT

**COMES NOW**, the Defendant, **MICHAEL B. MANUEL**, ("Manuel") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby gives notice with full reservation of any and all defenses and claims of the removal of this action to the U.S. District Court for the Northern District of West Virginia from the Circuit Court of Jefferson County, West Virginia. As grounds for this removal, Defendant states that:

### BACKGROUND

1.  On April 17, 2023, the Plaintiff, Box Alarm Leather, LLC, commenced an action in the Circuit Court of Jefferson County, West Virginia, styled *Box Alarm Leather,*

James P. Campbell, Esquire (WVSB # 609)
Matthew L. Clark, Esquire (WVSB # 13946)
Daniel M. Casto, Esquire (WVSB # 11226)
**CAMPBELL FLANNERY, P.C.**
1602 Village Market Boulevard, Suite 225
Leesburg, Virginia 20175
(703) 771-8344/Telephone
(703) 777-1485/Facsimile

*LLC v. Michael B. Manuel* Case No. CC-19-2023-C-73 (the "State Court Action") by filing a complaint (the "First Complaint").

2. On or about May 11, 2023, before a responsive pleading was due from the Defendant, the Plaintiff filed an Amended Complaint (the "Amended Complaint"). The Amended Complaint expands from four counts to six counts.

3. Count I of the Amended Complaint now alleges that, in addition to breaching a contract between the Plaintiff and the Defendant by failing to pay 20% of the gross direct sales, the Defendant breached a separate contract by which the Defendant would relocate its manufacturing to West Virginia and pay the plaintiff 70% of gross sales. Count I now claims that the Defendant breached two contracts.

4. Count II of the Amended Complaint is the same as Count II of the First Complaint.

5. Count III of the Amended Complaint is a new claim that is pled in the alternative to Count I, and contends that the Plaintiff is entitled to the reasonable value of its services in the event there is no contract.

6. Count IV is a new claim pled in the alternative based on a theory of promissory estoppel.

7. Count V of the Amended Complaint (mislabeled as Count IV) is a claim for Unjust Enrichment that mirrors Count III (Unjust Enrichment) of the Original Complaint.

8. Count VI of the Amended Complaint (mislabeled as Count IV) is a claim for conversion that mirrors Count IV (Conversion) of the Original Complaint.

9. The Plaintiff is a West Virginia Limited Liability Company whose members are all citizens of West Virginia. The Plaintiff is, therefore, a citizen of the State of West Virginia.

10. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon the Defendant to date in the State Court Action are attached as **"Exhibit A"**.

## GROUNDS FOR REMOVAL

This Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

### A. The Amount-in-Controversy Requirement is Satisfied.

Whether a case may be removed from a state court to a federal court "depends upon the state of the pleadings and the record at the time of the application for removal . . . ." *Ala. Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 216 (1906); see also *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). Under 28 U.S.C. § 1446(c)(2), when a case is removed pursuant to the diversity jurisdiction conferred under 28 U.S.C. § 1332, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."

Here, the underlying Amended Complaint in the State Court Action seeks an unspecified amount of damages for an alleged breach of an ostensible contract based on the Plaintiff's claim to 20% of the gross direct sales from photoluminescent contracts, and an unspecified claim to 70% of the gross sales from production of photoluminescent leather products. The Plaintiff states that 20% of these proceeds from a single contract with the

Fire Department of New York total $21,000.00 as of the alleged breach in "late 2021." *See* Amend. Compl. at ¶¶ 24, 26. In addition to this amount, the Plaintiff seeks 20% from future sales encompassed by this ostensible contract, plus 70% of the gross sales from an alleged production contract. The Plaintiff does not specify the total amounts sought, however, it identifies eight different fire department contracts to which he claims a right to 20% of the proceeds. See Amend. Compl. at p. 5, ¶ 29. Although the Plaintiff did not specify its damages in the Complaint in Jefferson County, West Virginia, Box Alarm and Andrew Arnold filed an Answer and Counterclaim to the civil action filed by Mr. Manuel in the Circuit Court of Fauquier County, Virginia against Box Alarm and Andrew Arnold on April 7, 2023. See "**Exhibit B**" attached hereto. This Counterclaim identifies the same transactions identified in the Jefferson County, West Virginia proceeding, and claims damages in the amount of $240,054.74. While the Plaintiff's First Complaint and Amended Complaint use artful pleading to avoid mentioning that it seeks to recover more than $75,00.00, the "amount in controversy" requirement of 28 U.S.C. § 1332 is clearly satisfied as demonstrated by "**Exhibit B."**

### B. Complete Diversity of Citizenship Exists between the Plaintiff and the Defendant.

Pursuant to 28 U.S.C. § 1332, there must be complete diversity between the plaintiff and all defendants. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "For purposes of diversity jurisdiction, 'a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of

business.'" *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 170 (4th Cir. 2014) (omissions in original) (quoting 28 U.S.C. § 1332(c)(1))

"For purposes of diversity jurisdiction, the citizenship of a limited liability company turns not on its place of formation or its principal place of business but on the citizenship of all of its members." *Motorists Mut. Ins. Co. v. Bohnert Int'l, Inc.*, Civil Action No. 5:22-cv-00028, 2022 U.S. Dist. LEXIS 120744, a *1 (S.D.W. Va. July 8, 2022) (unpublished) citing *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006) (collecting cases)); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 702 (4th Cir. 2010)).

Here, the Plaintiff's Amended Complaint alleges that it "is a limited liability company in good standing charted in Jefferson County, West Virginia." Amend. Compl. at ¶ 1. As set forth in the Affidavit of Michael Manuel attached hereto and made a part hereof, the sole members of the Box Alarm Leather, LLC, are Mary and Andrew Arnold. Mary and Andrew Arnold are each citizens of and domiciled in Jefferson County, West Virginia. The Plaintiff has no members that are domiciliaries of South Carolina, the Defendant's domicile. Accordingly, because all members of the Plaintiff-LLC are domiciliaries of the State of West Virginia, for diversity of citizenship purposes, the Plaintiff-LLC is a citizen of the State of West Virginia.

Similarly, there is no doubt that, for diversity purposes, the Defendant, Michael B. Manuel, D/B/A the Hideout, D/B/A Royce Shields is a citizen of the State of South Carolina. Because the sole Plaintiff is a citizen of the State of West Virginia and the sole Defendant is a citizen of the State of South Carolina, the complete diversity of citizenship

requirement under 28 U.S.C. § 1332 is satisfied.

### C. The Other Requirements for Removal are Satisfied.

This action is a civil action within the meaning of the statutes related to the removal of actions. Pursuant to 28 U.S.C. § 1446(b)(2)(B), "[e]ach defendant shall have 30 days after receipt . . . of the initial pleading . . . to file the notice of removal." Here, the Plaintiff filed the First Complaint in Jefferson County Circuit Court on April 17, 2023. The Plaintiff placed the pleading in the mail to the Defendant on April 17, 2023, via certified mail, return receipt requested, and the Defendant received service of process via certified mail thereafter. Regardless, this Notice of Removal is timely because it has been filed within 30 days of the date the Plaintiff commenced this action in the Circuit Court of Jefferson County.

The U.S. District Court for the Northern District of West Virginia is "the district and division embracing the place where [the] action is pending," 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 129(a) (listing the Jefferson County as within the Northern District of West Virginia). Therefore, removal to this District is proper.

Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders served upon the removing defendant in the state court action (Case No. CC-19-2023-C-73) shall be included with the Notice of Removal. The civil summons, the First Complaint, and the Amended Complaint served upon the Defendant are attached as **"Exhibit A."**

Pursuant to 28 U.S.C. § 1446(d), written notice will be promptly given to counsel for the Plaintiff, and a copy of this notice will be filed with the Clerk of the Circuit Court of the County of Jefferson, West Virginia.

Filing of this Notice of Removal shall not be interpreted as a waiver of the Defendant's right to assert any defense or affirmative matter, whether pursuant to Rule 12 of the Federal Rules of Civil Procedure or otherwise, including, but not limited to, the right to object to jurisdiction over the person of the Defendant or venue, failure to state a claim upon which relief can be granted, or other factual or affirmative defenses.

**WHEREFORE,** the Defendant respectfully requests that this Court take jurisdiction of this action, issue all necessary orders and process to remove this action from the Circuit Court of Jefferson County, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**MICHAEL B. MANUEL**
By Counsel

/s/ James P. Campbell
James P. Campbell, Esq. (WVSB No. 609)
Daniel M. Casto, Esq. (WVSB No. 11226)
Matthew L. Clark, Esq. (WVSB No. 13946)
**CAMPBELL FLANNERY, P.C.**
1602 Village Market Blvd. Suite 225
Leesburg, Virginia 20175
(703) 771-8344/Telephone
(703) 777-1485/Facsimile
  *Counsel for Defendant*